[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULINGS ON DEFENDANT'S MOTION TO MODIFY CUSTODY, VISITATION AND SUPPORTAND PLAINTIFF'S MOTION FOR CONTEMPT
Defendant non-custodial parent brings this postjudgment motion for modification of support, dated August 11, 1994.
The plaintiff also presents her motion for contempt dated November 17, 1994. The plaintiff further seeks to have the defendant participate in the financial expenses for the child's private schooling.
A brief review of the factual situation bearing on these motions reveals that at the time of the dissolution the court had ordered support payments to be made by the defendant to the plaintiff in the sum of $850.00 per month. This order was based upon the agreement of the parties. The support ordered was substantially above the guidelines in effect at the time of the order.
Subsequently, the defendant made support payments to the plaintiff at less than the sum in the dissolution judgment. This reduction resulted when the defendant lost his job in March 1992. His income was reduced to $288.00 per week, the amount of his unemployment benefits. The defendant's unemployment continued for a thirteen month period. He then obtained employment at another company in May 1993.
During this period the plaintiff determined that she would enroll the parties' child in a private school. One of the reasons for private schooling related to the child's eye problem, convergence insufficiency, which required medical attention and daily eye exercise programs under the supervision of and with the cooperation of the custodial parent. The defendant CT Page 1287-LLL agreed to having their child enter the private school. This private schooling was to last one school year in accordance with a contract with the school.
The child completed kindergarten at the school and is now enrolled in the private school in the first grade under a new one year contract. The plaintiff seeks to have the defendant become financially responsible for part of the present and future private school expenses. Further, the plaintiff moves to have the defendant held in contempt for failure to pay the support of $850.00 per month ordered at the dissolution.
As to the defendant's motion for modification of the order for support:
The court finds that there is a substantial change in the financial circumstances of the parties, in that the income of both parties has been substantially increased from what it was at the time of entry of the support order. Further, that the support order previously entered was substantially above the guidelines at the time it was entered, and that at the present time the order is more than 15% above the guidelines for support based upon his present income. Additionally, the dissolution order recited, ". . . that the amount of the parties monthly or weekly order . . . can always be modified by mutual agreement of the parties. The support order of $850.00 per month was paid by the defendant until March 1992 when it was orally agreed between the parties that the payment should be reduced to $720.00 per month because of the defendant's loss of employment. This reduced amount of support payment was also greater than that called for in the support guidelines based upon the amount received by the defendant in unemployment benefits.
The plaintiff is also seeking to recover the unpaid amount of support payments order by the court under the parties original agreement; that is, the difference between the $850.00 monthly order and the $720.00 monthly paid beginning March 1992 to the present time.
The principal issue between the parties concerns the schooling to be provided to their child. Should the child attend a private school at a tuition cost of $9,650.00 per school year, or should the child attend public schools? Further, should the defendant father be required to pay as child support a portion of the private school costs? Also, is the defendant CT Page 1287-MMM in contempt of the court for reducing the support payments from $850.00 per month to $720.00 per months?
The court notes as to the issue of requiring the non-custodian parent to pay for expenses for a child's attendance at a private school that this is generally not a support obligation of a parent. However, there are exceptions where a compelling need exists for the good of the child.
In the present instance, the child had a medical condition, i.e. convergent insufficiency of the eye, that was medically treated and which required home eye exercises with a parent's participation. This medical condition has been successfully treated and the child's eye condition has been diagnosed as normal.
Additionally, the child had some reversal of letters during school lessons as well as other schooling problems that were not considered out of the ordinary schooling difficulties.
Considering all of these factors, the court determines that there is no compelling need for the child to attend a private school. Further, the determination that the child should attend a private school was made exclusively by the custodial parent. The non-custodial father does not feel that there is a need for the child to have a private school education; that, the public school system where the child would be enrolled has ample and adequate facilities to provide an adequate educational environment for his child. He also contends that the high cost of private schooling at the present time, would be better spent for the child's future education at the college level.
Therefore, the court denies plaintiff's motion to have the defendant participate in the parties' child's private school education costs. As to the defendant's motion to modify the child support order:
There is ample evidence presented to show that the order of the court based upon the agreement of the parties that the defendant pay child support of $850.00 per month is quite substantially more than 15% above the guidelines based upon the parties present income and is a substantial deviation from the guidelines.
The court finds that the plaintiff's net income of CT Page 1287-NNN $637.00 per week, and the defendant's net income of $445.00 per week results in the child support guidelines figure of $111.00 per week for the non-custodial father to pay to the custodial mother.
The plaintiff's request that the court deviate from the guidelines and order that the support be increased to account for the private school fees is not supported by a compelling need and the court denies this request.
Therefore, the court grants defendant's motion for modification of the child support order dated August 11, 1994 to $111.00 per week retroactive to October 24, 1994, with any arrearages due to the plaintiff, or credits available to the defendant be completed from that date.
Regarding plaintiff's motion for contempt wherein she alleges that the defendant failed to make the child support payments of $850.00 per month as ordered by the court at the dissolution:
The court finds that the defendant did fail to make the ordered payments of $850.00 per month; that, the payments made were $720.00 per month; that this reduction occurred when the defendant lost his employment and was receiving unemployment compensation benefits; that, the defendant consulted with the plaintiff about the reduced payments; that, these payments were accepted as full payment of the support; that, the dissolution decree recited that the parties could modify the support order by agreement. Further, that the parties, by an agreement dated January 9, 1995, determined that any arrearage due from or credit to the defendant was to be as of October 24, 1994. This agreement was accepted by the court which issued it as orders of the court on January 9, 1995.
Therefore, the court finds that the contempt, if any, was not a wilful violation of the court orders by the defendant. At most, it was a technical violation for which the court will impose no penalty.
Therefore, the court denies the plaintiff's motion dated November 17, 1994 that the court find the defendant in contempt.
The orders of the court as to these motions indicated CT Page 1287-OOO above are to issue.
JULIUS J. KREMSKI STATE TRIAL REFEREE